**FILED**
CLERK, U.S. DISTRICT COURT

5/2/25

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MRV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VICTOR NAVARRO COTA,<br><br>    Defendant. | EDCR  5:25-cr-00152-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 659: Possession of Goods Stolen from Interstate Shipment; 8 U.S.C. § 1326(a): Alien Found in the United States Following Deportation; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 659]

On or about March 13, 2025, in San Bernardino County, within the Central District of California, defendant VICTOR NAVARRO COTA, knowingly had in his possession goods and chattels of a value in excess of $1,000, that is, approximately 478 pairs of shoes valued at approximately $64,530, which had been embezzled and stolen from BNSF train ZLACALT510 while moving in interstate commerce, knowing that said goods and chattels had been embezzled and stolen.

COUNT TWO

[8 U.S.C. § 1326(a)]

On or about March 13, 2025, defendant VICTOR NAVARRO COTA, an alien, who had been officially deported and removed from the United States on or about February 16, 2024, was found in San Bernardino County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or the Secretary of Homeland Security, to reapply for admission to the United States following deportation and removal.

## FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

//
//

sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDER H. TRAN
Assistant United States Attorney
Transnational Organized Crime Section